**JOHN L. BURRIS, Esq. SBN 69888**
**ADANTÉ D. POINTER Esq. SBN 236229**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile:   (510) 839-3882
john.burris@johnburrislaw.com
adante.pointer@johnburrislaw.com

Attorneys for plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REFUGIO NIETO and ELVIRA NIETO individually and as the Co-Successors in Interest to ALEJANDRO NIETO;<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, Police Chief GREG SUHR in his individual capacity & DOES 1-50, individually and in their official capacities as a Police Officer for the City and County of San Francisco, inclusive.<br><br>Defendants. | CASE NO.:<br><br>COMPLAINT FOR WRONGFUL DEATH AND VIOLATION OF CIVIL RIGHTS AND DAMAGES<br><br>JURY TRIAL DEMANDED |

## **INTRODUCTION**

1. This claim arises out of an incident that took place on Friday, March 21, 2014 at approximately 7:00 p.m. at Bernal Heights Park in the City of San Francisco, California wherein

1. Decedent, Alejandro "Alex" Nieto was unlawfully shot and killed by several yet to be identified San Francisco Police Officers.

2. In the aftermath of the incident, the City and County of San Francisco ("CCSF") and the involved Officers claimed Alex defied Officers' orders and pointed a taser at them. The Officers claimed they mistook the taser for a handgun, causing them to fear for their lives and as a result shot and killed him. After an independent investigation led by the community and the Law Offices of John L. Burris, witnesses along with physical evidence was uncovered which contradicts CCSF's version of the events.

3. To date, CCSF has refused to release the involved Officers' names. Instead, CCSF has engaged in a media campaign to besmirch Alex's reputation as a well known San Francisco resident who never sustained a single arrest, was an active community organizer, college student, and local law enforcement volunteer.

## JURISDICTION

4. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in San Francisco, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

## PARTIES

5. Plaintiffs herein, REFUGIO NIETO and ELVIRA NIETO, are, and at all times herein mentioned were a citizens of the United States. Plaintiffs are the Co-Successors in interest and biological parents of decedent, ALEJANDRO "ALEX" NIETO. Said plaintiffs are persons with standing to bring the action pursuant to California Code of Civil Procedure Sections 377.30.and 377.60 and California Probate Code Section 6402. Decedent, ALEJANDRO "ALEX" NIETO, was not married at the time of his death, did not have children and died without leaving a will.

6. Defendant CITY AND COUNTY OF SAN FRANCISCO (hereinafter referred to as "CCSF") is and at all times mentioned herein a municipal corporation, duly authorized to operate under the laws of the State of California.  Under its supervision, the CITY AND COUNTY OF SAN FRANCISCO operates the San Francisco Police Department ("SFPD").

7. Defendant GREG SUHR (hereinafter referred to as Chief Suhr) is, and at all times mentioned herein, sued in his individual capacity.

8. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.  Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth.  Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy and/or use of excessive force.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiffs will ask leave to amend this complaint subject to further discovery.

9. In engaging in the conduct alleged herein, defendant police officers acted under the color of law and in the course and scope of their employment with CCSF.  In engaging in the conduct described herein, defendant police officers exceeded the authority vested in them as police officers, under the United States and California Constitutions, and as employees of CCSF.

10. For State causes of action related to Federal claims, plaintiffs are required to comply with an administrative claim requirement under California law.  On April 14, 2014, Plaintiffs filed a Government Tort Claim with the City and County of San Francisco advising CCSF, Plaintiffs intended to file a lawsuit against CCSF and the Officers should CCSF continue to stonewall their efforts to obtain the fruits of CCSF's investigation into this incident and/or continue to deny civil liability for the death of Alex Nieto.  On May 27, 2014, CCSF rejected Plaintiffs' Claim without providing a scintilla of information as to why CCSF denied the Claim.

## STATEMENT OF FACTS

11. On Friday, March 21, 2014, Mr. Alejandro Nieto began his evening at the home he shared with his mother, father and younger brother. He left the family home intent on getting some food before he went to work as a security guard at a nearby restaurant. To that end, Mr. Nieto bought a burrito and went to Bernal Heights Park to enjoy his meal and the view of the City and neighborhood he loved. Once he arrived at the Park he found a bench and began eating his dinner.

12. Witnesses recount seeing Mr. Nieto at the park peacefully sitting alone on the bench enjoying his burrito. A yet to be identified person called 911 and erroneously reported Mr. Nieto as having a black gun on his hip. The caller mistook the black and yellow taser Mr. Nieto lawfully carried for use on his security job for a gun. However, the caller did not claim Mr. Nieto was bothering anyone or making any type of threatening gestures with the reported "gun."

13. Several SFPD Officers converged on the park determined to investigate the call and confront the reported "gunman." An SFPD Patrol car entered the park and drove up a fire trail before stopping approximately 75 to 100 feet away from Mr. Nieto who at that time was casually walking down the jogging trail to the Park's entrance. Two Officers emerged from the patrol car and immediately took cover using their car for protection. Several other Officers had also gathered on the jogging path, appeared to be carrying rifle-type guns and were positioned behind Mr. Nieto. One of the Officers behind the patrol car called out and ordered Mr. Nieto to "stop."

14. Within seconds a quick volley of bullets were fired at Mr. Nieto. No additional orders or any other verbal communication was heard between the first Officer yelling "stop" and the initial volley of gunfire that rang out. Mr. Nieto fell to the ground. After a brief pause of just a second or two, a second barrage of shots were fired. The Officers' bullets struck Mr. Nieto in his forehead and at least nine other places leaving his body grossly disfigured and mortally wounded.

15. In the aftermath of the incident, SFPD claims Mr. Nieto refused to comply with Officers' requests for him to show them his hands and instead pointed the taser at them, challenged their authority forcing the Officers to shoot him. However, the ear and eye witness' revelations undermine SFPD's claims. Based upon the witnesses' accounts there, in fact, was no justification for this unwarranted use of deadly force as contrary to the Defendants' claims, they did not hear Mr.

Nieto threaten anyone or see him attempt to grab or point any object at the Officers prior to being shot.

16. The above-described intentional and/or negligent conduct by defendants was a factual and proximate cause of Decedent's death and Plaintiff's damages.

17. Plaintiffs are informed and believe and thereon allege that CCSF, Chief Suhr and DOES 26-49, inclusive, breached their duty of care to the public in that they have failed to discipline defendant John Doe SFPD Officers 1-25 inclusive, for their respective misconduct and involvement in the incident described herein. Their failure to discipline defendant John Doe SFPD Officers 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference, the use of excessive and/or deadly force and the fabrication of official reports to cover up defendant John Doe SFPD Officers 1-25's inclusive, misconduct.

18. Plaintiffs are informed and believe and thereon allege that members of the San Francisco Police Department, including, but not limited to DOES 1-25 and/or each of them, have individually and/or while acting in concert with one another used excessive, arbitrary and/or unreasonable force against decedent, ALEJANDRO NIETO.

19. Plaintiffs' are further informed, believe and therein allege that as a matter of official policy -- rooted in an entrenched posture of deliberate indifference to the constitutional rights of persons who live, work or visit the City of San Francisco, SFPD has allowed persons to be abused by its Police Officers including defendant DOES 1-25 and/or each of them, individually and/or while acting in concert with one another.

20. Plaintiffs' are informed, believe and therein allege that SFPD Police Officers exhibit a pattern and practice of using excessive and/or deadly force against citizens, as evidenced by the 97 SFPD Officer involved shootings that have occurred since 2000. Of those 97 shootings, 33 people have died and 35 people have been injured. In each and every one of the shooting cases wherein a person died as a result of the Officers' use of deadly force, SFPD has found the Officer used deadly force within policy even under the most questionable of circumstances. SFPD's failure to discipline or retrain any of the involved Officers is evidence of an official policy, entrenched culture and

posture of deliberate indifference toward protecting citizen's rights and the resulting deaths and injuries is a proximate result of SFPD's failure to properly supervise its Police Officers and ratify their unconstitutional conduct.

21. Plaintiffs are informed, believe and therein allege that CCSF knew, had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

22. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs are informed, believe, and thereon allege that each defendant so named is responsible in some manner for the injuries and damages sustained by plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## DAMAGES

23. Plaintiffs Refugio Nieto and Elvira Nieto were mentally, and emotionally injured and damaged as a proximate result of decedent's wrongful death, including but not limited to: Plaintiffs' loss of familial relations, decedent's society, comfort, protection, companionship, love, affection, solace, and moral support as a consequence of Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourteenth Amendment.

24. Plaintiffs Refugio Nieto and Elvira Nieto are entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b).

25. Plaintiffs Refugio Nieto and Elvira Nieto as Co-Successors in interest to Alejandro Nieto are entitled to recover damages pursuant to the decedent's right of survivorship for the pain and suffering he endured as a result of the violation of his civil rights.

26. Plaintiffs Refugio Nieto and Elvira Nieto found it necessary to engage the services of private counsel to vindicate the rights of decedent and plaintiff under the law. Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

# FIRST CAUSE OF ACTION

## Violation of Fourth Amendment of the United States Constitution

### (42 U.S.C. §1983)

### (Refugio Nieto and Elvira Nieto as Co-Successors in interest to Alejandro Nieto v. DOES 1-25)

27. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 26 of this complaint.

28. Defendants' above-described conduct violated Decedent's right, as provided for under the Fourth Amendment to the United States Constitution, to be free from excessive and/or arbitrary and/or unreasonable use of deadly force against him.

29. Alejandro Nieto was forced to endure great conscious pain and suffering because of the Defendants' conduct before his death;

30. Alejandro Nieto did not file a legal action before his death;

31. Plaintiffs Refugio Nieto and Elvira Nieto, as Co-Successors in interest of Alejandro Nieto claims damages for the conscious pain and suffering incurred by Alejandro Nieto, as provided for under 42 U.S.C. §1983.

32. Defendants acted under color of law by shooting and killing decedent without lawful justification and subjecting decedent to excessive force thereby depriving the decedent of certain constitutionally protected rights, including, but not limited to:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

# SECOND CAUSE OF ACTION

### (Violations of Plaintiffs' Civil Rights to Familial Relationship)

### (42 U.S.C. § 1983)

### (Refugio Nieto and Elvira Nieto v. DOES 1-25)

33. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 32 of this Complaint as though fully set forth;

34. Defendants, acting under color of state law, and without due process of law, deprived Plaintiffs of their right to a familial relationship by seizing Decedent by use of unreasonable, unjustified and deadly force and violence, causing injuries which resulted in Decedent's death, all without provocation and did attempt to conceal their extraordinary use of force and hide the true cause of Decedent's demise to deprive Plaintiffs of their right to seek redress in violation of their rights, privileges, and immunities secured by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

### (Monell – 42 U.S.C. section 1983)

### (Refugio Nieto and Elvira Nieto v. CCSF, Chief Suhr and DOES 26-50)

35. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 34 of this Complaint.

36. Plaintiffs are informed and believe and thereon allege that high-ranking CCSF officials, including high-ranking police supervisors such as Chief SUHR and DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about the repeated acts unconstitutional use of deadly force by SFPD Officers.

37. Despite having such notice, Plaintiffs are informed and believe and thereon allege that CITY, Chief SUHR & DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by SFPD which brought about Defendant DOES 1-25 unlawfully shooting Alejandro Nieto to death.

38. Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants DOES 1-25 and/or each of them, ratified and encouraged these officers to continue their course of misconduct.

39. Plaintiffs further allege that Defendant DOES 26-50, and/or each of

them, were on notice of the Constitutional defects in their training of SFPD police officers, including, but not limited to unlawfully using deadly force to make detentions and/or arrests.

40. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CCSF officials, including high ranking SFPD supervisors, Chief SUHR and DOES 26-50, and each of them resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution and the right to be free from excessive force by police officers, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(Wrongful Death - Negligence)**
**(C.C.P. §377.60 and 377.61)**
**(Refugio Nieto and Elvira Nieto**
**v. CCSF under theory of respondeat superior & DOES 1-25)**

41. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 40 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

42. Defendants CCSF under theory of respondeat superior and DOES 1-25 inclusive, by and through their respective agents and employees, proximately caused the death of decedent Alejandro Nieto as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

43. As an actual and proximate result of said defendants' negligence, and the death of decedent, Plaintiffs Refugio Nieto and Elvira Nieto have sustained pecuniary loss along with the loss of comfort, society, and services of their son in an amount according to proof at trial.

44. As a further actual and proximate result of said defendants' negligence, Plaintiffs incurred funeral and burial expenses, in an amount according to proof at trial.

45. Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiffs have brought this action, and claims damages against said defendants for the wrongful death of decedent, and the

resulting injuries.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION

**(Battery)**

**(Refugio Nieto and Elvira Nieto as Co-Successors in interest to Alejandro Nieto v. CCSF under theory of respondeat superior & DOES 1-25)**

46. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 45 of this complaint.

47. Defendants' above-described conduct constituted a battery.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### JURY DEMAND

Plaintiffs hereby demand a jury trial.

### PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum to be determined at trial;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For funeral and burial expenses according to proof;

4. For punitive damages and exemplary damages in amounts to be determined according to

proof as to defendant Officers DOES 1 through 25 and/or each of them;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6. For cost of suit herein incurred.

Dated:  August 22, 2014                THE LAW OFFICES OF JOHN L. BURRIS

*/s/ John L. Burris*
 JOHN L. BURRIS
 Attorneys for Plaintiffs
 **REFUGIO NIETO AND ELVIRA NIETO**