December 2, 2014

Honorable Nathaniel Cousins
Federal Magistrate Judge
450 Golden Gate Avenue
15th floor, Courtroom A
San Francisco, CA

      Re:      Stipulated Protective Order Discovery Dispute
                 <u>Nieto v. CCSF, et al.</u>
                 USNDC Case No.: C14-03823- NC

      Plaintiffs Refugio and Elvira Nieto along with Defendant City and County of San Francisco ("the parties") submit this correspondence to the court for consideration of our discovery dispute in accordance with the Court's Civil Standing Order. The parties have met and conferred by telephone and are unable to resolve their dispute regarding the appropriate stipulated protective order to utilize during the course of this litigation. Specifically, Plaintiffs propose using an unmodified version of the Northern District's Standard Stipulated Protective Order while the Defendants propose using a modified version of the Northern District's Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets.

      Plaintiffs believe the protections contained within the Standard Stipulated Protective Order (SSPO) are adequate for this litigation. Plaintiffs' SSPO strikes the appropriate balance between the Defendants' privacy rights and government interests while maintaining Plaintiffs' rights to have access to documents to litigate their case while promoting and protecting the transparency our justice system mandates. Plaintiffs' SSPO includes a "Confidential" designation that effectively restricts documents from being disseminated or shared beyond those persons necessary to the litigation, namely the parties, expert witnesses and other litigation related professionals. No other extraordinary designations are necessary as this litigation does not include trade secrets, patent information or some other "highly sensitive information." Plaintiffs' SSPO is attached as an exhibit to this correspondence.

      Plaintiffs oppose the Defendants' proposed Stipulated Protective Order because the SSPO is adequate and Defendants' Proposed Protective Order contains unnecessary terms and superfluous language. For example, Defendants proposed a "Highly Confidential -Attorney's Eyes Only" Provision.

1

That provision and the restrictions that flow from it as contemplated in the document imposes a restrictions far and above the level of confidentiality and restricted access afforded by the "Confidential" designation.  The "Highly Confidential -Attorney's Eyes Only" designation as contemplated by Defendants requires Plaintiff to disclose in writing intrusive identifying information about whom they intend to provide the document or information contained therein to prior to disclosure.  The force and effect of the designation unnecessarily hamstrings Plaintiffs' ability to conduct follow-up investigations into any potential issues the documents raise since any witnesses who reviews the documents or are told the contents derived from them, must be disclosed and pre-approved by the Defendants.  Furthermore, the provision turns the Federal Rules of Civil Procedure on its head by requiring a party to disclose a potential expert witness in advance of any expert disclosure deadline.  Such a highly restrictive and prejudicial provision may be appropriate for patent and trade secret information but is unnecessary for this civil rights case.

   Plaintiffs are informed and believe Defendants are seeking the "Highly Confidential -Attorney's Eyes Only" provision in an effort to apply the provision to keep the names of the shooting officers from being made public.  However, such an unprecedented exception to the principles of transparency and public courts cannot be granted without a full vetting of the circumstances used to justify Defendants' proposed extraordinary shroud of secrecy. Permitting Defendants to produce the names of the involved officers' in such a way so as to prevent Plaintiffs' ability amend the complaint to name the officers or independently investigate them is too overbroad of a restriction.

   Defendants believe that a "highly sensative information" provision is appropriately included in a protective order in this matter, as is the case in most civil rights litigation.  The ability to designate materials as highly protected will facilitate disclosure of information that the parties might otherwise be reluctant to disclose as all without a court order.  Often civil rights cases include disclosure of such sensitive information as autopsy photos, medical records of third parties contained in police disciplinary files, information from on-going investigations, or information about confidential police tactics.  Some of that information may be relevant here.

   Additionally, in this unusual case, Defendants believe that the disclosure of the names of the officers involved will put them in serious danger.  They have been subjected to serious and recent death threats.  But this argument is premature.  The resolution of the current dispute will dictate only which protective order the court will put in place, which will in turn set forth the procedure by which the parties will litigate the method for disclosure of such information.  By including a "highly confidential" provision, the City will be willing disclose such information to plaintiffs' counsel prior to the Court hearing the merits of the matter, thus moving the case forward.  Without such a provision, the City will file a motion prior to disclosing the information.

   And, Plaintiffs' concerns regarding their investigation also are unfounded.  The attorneys and those on their staff who require access to such information will have it.  The City will produce the incident report with fictitious names substituted, but will work with Plaintiffs' counsel to provide any discovery about the incident and the officers, including accepting service of the complaint and responding under fictitious names.  Because all the attorneys will know the names of the officers, the

2

attorneys can work out the details of discovery and confidentiality as the case continues.  Furthermore, the City hopes that the threats will abate, and that at some point it will be reasonably safe to disclose the names of the officers.

      Plaintiffs also object to including a highly sensative provision in the protective order because it requires permission to disclose such information to experts.  Plaintiffs have the opportunity to challenge any such designation, and the scope of information so designated would be extremely narrow.  These provisions also require disclosure of only the general nature of the highly sensitive information.  Defendants will of course work with Plaintiffs regarding the method of disclosing such information, should the need arise.

      The Court should therefore enter the City's proposed protective order, which is attached hereto.

Sincerely,


_____/s/_____
Adante D. Pointer
Law Offices of John L. Burris
Attorney for Plaintiffs



_____/s/_____
Margaret W. Baumgartner
Deputy City Attorney
Attorneys for Defendant City and County of San Francisco