UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REFUGIO NIETO, et al.,<br><br>           Plaintiffs,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>           Defendants. | Case No. 14-cv-03823 NC<br><br>**ORDER NOTIFYING PARTIES OF RECEIPT OF DOCUMENTS IN RESPONSE TO TRIAL SUBPOENA** |

      The Court has received two sets of documents responsive to trial subpoenas issued by Defendants. Both documents are from UCSF Medical center, and contain medical records and billing information regarding Nieto during the year 2013.

      Trial subpoenas are subpoenas under Federal Rule of Civil Procedure 45 and invoke the authority of the court to obtain the pretrial production of documents. Trial subpoenas are "discovery within the definition of Fed. R. Civ. P. 26(a)(5) and are therefore subject to the time constraints that apply to all other methods of formal discovery." *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 561 (S.D. Cal. 1999).

      Here, Defendants stated reason for their use of trial subpoenas was that they did not know the information during discovery, and therefore had to request the information later. In *Puritan Inv. Corp. v. ASLL Corp.,* 1997 WL 793569 (E.D. Pa. 1997), the court held that a party could not use a trial subpoena to secure production of documents at trial when the party could not show that the information sought was unknown during discovery. Instead,

Case No. 14-cv-03823 NC

1 trial subpoenas have been permitted for narrow reasons such as "to secure an original
2 document, copies of which were obtained during discovery, where there is an objection
3 regarding authenticity of the document for admission at trial." *Integra Lifesciences I*, 190
4 F.R.D. at 562.  Defendants have not established the need for trial subpoenas to get
5 information about Nieto's 2013 medical records when they were able to and did produce
6 other medical records from that year during normal discovery.

Moreover, the Court's pretrial order at docket 117 has already excluded medical documents from 2013 under relevance requirements.  Therefore, the Court's tentative ruling is to exclude the recently received documents on the same grounds.  Defendants have until February 17, 2016, to argue for inclusion of the documents if they wish to do so.  Plaintiffs may respond by February 24, 2016.

**IT IS SO ORDERED.**

Dated:  February 11, 2016                                   _____
                                                                              NATHANAEL M. COUSINS
                                                                              United States Magistrate Judge

Case No. 14-cv-03823 NC                           2