UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REFUGIO NIETO, et al.,

      Plaintiffs,

    v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

      Defendants.

Case No. 14-cv-03823 NC

**TENTATIVE PRELIMINARY JURY INSTRUCTIONS**

The Court has attached the preliminary jury instructions. Either party may object or request additional instructions by February 17, 2016.

**IT IS SO ORDERED.**

Dated: February 11, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 14-cv-03823 NC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REFUGIO NIETO and ELVIRA NIETO,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD SCHIFF, JASON SAWYER, ROGER MORSE, and NATHAN CHEW,<br><br>Defendants. | Case No. 14-cv-03823 NC<br><br>**PRELIMINARY JURY INSTRUCTIONS** |

## I.  Introduction

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Case No. 14-cv-03823 NC            2

1    In following my instructions, you must follow all of them and not single out some
2    and ignore others; they are all important.

## II. Summary of the Claims and Defenses in this Case

In this civil lawsuit, Plaintiffs Refugio and Elvira Nieto seek damages against San Francisco Police Officers Richard Schiff, Jason Sawyer, Roger Morse and Nathan Chew as a result of the shooting death of their adult son, Alejandro "Alex" Nieto.  Specifically, Plaintiffs have alleged the following claims for relief: (1) Excessive force under the Fourth Amendment of the U.S. Constitution; (2) Violation of Plaintiffs' Civil Rights to Familial Relationship under the 14th Amendment of the U.S. Constitution; and (3) Wrongful death under California law.  The Defendant Officers contend that they used reasonable force under the totality of the circumstances, did not violate any of Plaintiffs' rights, and are not liable to Plaintiffs.

## III. Burden of Proof

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## IV. Multiple Parties

You should decide the case as to each party separately.  Unless otherwise stated, the instructions apply to all parties.

## V. Evidence

### A. Evidence You May Consider

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers have agreed.

B. **Things You May Not Consider**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they will say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may see or hear when the court is not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

C. **Types of Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

D. **Evidence for a Limited Purpose**

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only

Case No. 14-cv-03823 NC                     4

for that limited purpose and for no other.

E.   **Official English Translation And Interpretation**

Languages other than English may be used during this trial. The evidence to be considered by you is only that provided through the official court interpreter or a translation. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must accept the English interpretation or translation. You must disregard any different meaning.

F.   **The Court's Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**VI.   Witnesses**

A.   **Evaluation of Witness Testimony**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

B. **Foreign Language Testimony**

Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may speak Spanish, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witnesses' testimony. You must disregard any different meaning. You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

C. **Expert Witnesses**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**VII. Conduct of the Jury**

A. **Prohibitions on Your Activities**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in

Case No. 14-cv-03823 NC 6

the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

B.   **Taking Notes**

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

Case No. 14-cv-03823 NC                                  7

1    If at any time you cannot hear or see the testimony, evidence, questions or
2 arguments, let me know so that I can correct the problem.
3    If you wish, you may take notes to help you remember the evidence. If you do take
4 notes, please keep them to yourself until you and your fellow jurors go to the jury room to
5 decide the case. Do not let note-taking distract you. When you leave, your notes should
6 be left in the jury room. No one will read your notes. They will be destroyed at the
7 conclusion of the case.
8    Whether or not you take notes, you should rely on your own memory of the
9 evidence. Notes are only to assist your memory. You should not be overly influenced by
10 your notes or those of your fellow jurors.

11    C.    **Questions to Witnesses**
12    You will be allowed to propose written questions to witnesses after the lawyers
13 have completed their questioning of each witness. You may propose questions in order to
14 clarify the testimony, but you are not to express any opinion about the testimony or argue
15 with a witness. If you propose any questions, remember that your role is that of a neutral
16 fact finder, not an advocate.
17    Before I excuse each witness, I will offer you the opportunity to write out a question
18 on a form provided by the court. Do not sign the question. I will review the question with
19 the attorneys to determine if it is legally proper.
20    There are some proposed questions that I will not permit, or will not ask in the
21 wording submitted by the juror. This might happen either due to the rules of evidence or
22 other legal reasons, or because the question is expected to be answered later in the case. If
23 I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do
24 not give undue weight to questions you or other jurors propose. You should evaluate the
25 answers to those questions in the same manner you evaluate all of the other evidence.
26 By giving you the opportunity to propose questions, I am not requesting or suggesting that
27 you do so. It will often be the case that a lawyer has not asked a question because it is
28 legally objectionable or because a later witness may be addressing that subject.

D. **Bench Conferences and Recesses**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## VIII. Trial

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The Nietos will then present evidence, and counsel for Defendants may cross-examine. Then Defendants may present evidence, and counsel for the Nietos may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**IT IS SO ORDERED.**

Dated: March 1, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 14-cv-03823 NC                    9