DENNIS J. HERRERA, State Bar #139669
City Attorney
CHERYL ADAMS, State Bar #164194
Chief Trial Deputy
MARGARET W. BAUMGARTNER, State Bar #151762
REBECCA BERS, State Bar #287111
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:  (415) 554-3859 [Baumgartner]
Telephone:  (415) 554-4224 [Bers]
Facsimile:  (415) 554-3837
E-Mail:  margaret.baumgartner@sfgov.org
E-Mail:  rebecca.bers@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REFUGIO NIETO and ELVIRA NIETO individually and as the Co-Successors in Interest to ALEJANDRO NIETO,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, Police Chief GREG SUHR in his individual capacity, OFFICER JASON SAWYER, OFFICER RICHARD SCHIFF, OFFICER ROGER MORSE AND OFFICER NATE CHEW, DOES 5-50, individually and in their official capacities as Police Officer for the City and County of San Francisco, inclusive.<br><br>Defendants. | Case No. C14-03823-NC<br><br>**UPDATED INFORMATION REGARDING EXHIBITS TO BE ADMITTED, WITNESSES STIPULATIONS (OR LACK THEREOF), AND OTHER PRETRIAL MATTERS**<br><br>Trial Date:   March 1, 2016 |

1  Defendants have filed a motion to bifurcate liability and damages.  Some of the information
2  below will change depending on the Court's ruling on that motion.
3  **Proposed Admission of Exhibits**
4  Both parties have identified the exhibits that they anticipate that they will seek to have
5  admitted into evidence (following the Court's rulings on motions in limine), as opposed to use for
6  other purposes, such as to refresh recollection or impeach.  Defendants proposed that Plaintiffs
7  stipulate to the admissibility of the following exhibits.  Defendants include in this chart Plaintiffs'
8  responses to their proposal (Plaintiffs did not provide any basis for their objections):

| Exhibit No. | Description | Sponsoring Witness | Plaintiffs' Response |
|---|---|---|---|
| Ex. 203 | Photos of envelopes with bullets | Dr. Amy Hart, Mark Proia | Stipulated |
| Ex. 204 | Taser invoice | Plaintiffs, Barrera-Estrada | Object |
| Ex. 224 | G.O. 5.02 | All Defendants | Object |
| Ex. 251 | Radio transmissions and transcript | All Defendants | Radio transmissions stipulated |
| Ex. 253 | ME photos etc. | Dr. Amy Hart | Stipulate |
| Ex. 274 | Firearm ID report | Mark Proia | Object |
| Ex. 303 | ME Report | Dr. Amy Hart | Object |
| Ex. 312 | Taser Report | Brian Chiles | Object |
| Ex. 317 | Ballistics photos | Mark Proia | Object |
| Ex. 318 | Firearm exam report | Mark Proia | Object |
|  | Chiles - Emails and other correspondence - pgs. from Pltf. Ex.; Def. will mark | Brian Chiles | Object |

|  | excerpts next in order |  |  |
|---|---|---|---|

Plaintiffs have proposed admission of the following exhibits, and Defendants provide their response:

| Ex. 29, 30, 35, 36, 41, 42, 47, 48 | Pics of Defendants and their guns |  | Objection, relevance |
|---|---|---|---|
| Ex. 64 | Bullet Shells recovered from scene –pics and actual shells |  | Objection, relevance and overly burdensome to produce and maintain custody. |
| Ex. 68/69 | Radio Transmission |  | If this is the radio traffic heard by the officers, stipulated |
| Ex. 89 | Coroner Photos |  | Objection, 403, cumulative.  The Court indicated that although some photos of the body may be admissible to show, for example, the scene in situ, these are the entirety of the autopsy photos, including photos that do not show wounds or other relevant details. |
| Ex. 91 | Death Certificate |  | Objection, relevance |
| Ex. 94 | X-rays from Medical Examiner's Office |  | Stipulated if the entire ME report is admitted |
| Ex 122, 124, 126, 127, 140, 141, 144, 145, 146, 147, 148, 151, 152, 156, 157, 280, 281, 282 | Photos of Decedent |  | Only Exhibit 124 are photos of decedent; Defendants are uncertain as to whether Plaintiffs intend to |

| | | | |
|---|---|---|---|
| | | | submit them all, if they do, Defendants have objections (lack of foundation, manipulation of the photos such as blacking out liquor bottles, and cumulative. |
| Ex. 135 | Decedent's Guard Card | | Objection, relevance, lacks foundation – this is not a guard card. |
| Ex. 136 | CCSF Graduation Certificate | | Objection, lacks foundation – there are no witnesses to testify as to the meaning of a "Certificate." |
| Ex. 144/145 | Burial Receipts | | Stipulated |
| Ex. 169 | Decedent's clothes | | Objection, relevance, more prejudicial than probative, not previously identified, and overly burdensome to produce and maintain custody (in addition to the need to maintain custody, they are a bio-hazard as they have dried, flaky blood). |

**Witness Lists**

Defendants will call the following witnesses (if the Court does not grant their motion to bifurcate and allow in evidence regarding the decedent's mental health status, restraining orders, etc.; defendants do not intend to waive their objection to exclusions of testimony):

1. Jason Sawyer

2. Roger Morse
3. Richard Schiff
4. Nate Chew
5. Seth Riskin
6. Timothy Isgitt
7. Justin Fritz
8. Evan Snow
9. Don Cameron
10. Craig Fries
11. Dr. Amy Hart
12. Mark Prioa
13. Bryan Chiles
14. Michael Olkiewicz

Plaintiffs have eliminated a handful of witnesses from their proposed witness lists, but continue to list 34 witnesses. Defendants previously set forth their objections to these witnesses.

**Transcripts of Audio Recordings**

The parties have exchanged transcripts. Defendants have provided comments and changes to Plaintiffs' proposed transcripts. Plaintiffs have not provided objections or changes to Defendants' proposed transcripts, which are the 911 audio tape and OCC interviews not previously transcribed.

Plaintiffs informed Defendants that they did not intend to use the death notification audio recording. Although Defendants may not use it, they nevertheless provided a transcript with translation to Plaintiffs, who need additional time to review the transcript and the translation.

**Attempts to Stipulate re Notification of Witnesses to be Called**

Although Defendants would prefer to have a 48 hour notice (informed by 8:00 a.m. as to who will be called two days later), Defendants proposed a 36 hour notice period (informed by 8:00 p.m. who will be called the morning of the second day). Plaintiffs proposed a 24 hour notice period (informed at 8:30 a.m. who will be called the next day). Because the parties will be in court at that time, and may not be able to return to the office until after many people have gone home, Defendants

do not believe 24 hours' notice is sufficient to address the personal schedules of the witnesses. For that reason, Defendants request a 48 hour notice.

**Other Stipulations**

Plaintiffs have stipulated that Defendants may call Don Cameron on Monday, March 7. Although Plaintiffs raise the question as to whether all three of Defendants' witnesses (Craig Fries, Bryan Chiles and Don Cameron) can testify in one day, Defendants anticipate that it is reasonably possible to have them all three on and off in one court day.

**Punitive Damages Bifurcation**

The parties have agreed that Defendants will provide to Plaintiffs information concerning Plaintiffs' real estate holdings, bank balances, any income in addition to their salaries, and their liabilities. If Plaintiffs have any questions, they will seek that information from Defendants before the case is submitted to the jury.

**Joint Proposed Jury Instructions**

The parties previously submitted their proposed instructions, indicating which instructions were objected to. The parties have not come to any further agreements.

Dated:  February 17, 2016

>    DENNIS J. HERRERA
>    City Attorney
>    CHERYL ADAMS
>    Chief Trial Deputy
>    MARGARET W. BAUMGARTNER
>    REBECCA BERS
>    Deputy City Attorneys
>
>    By: *Margaret W. Baumgartner*
>        MARGARET W. BAUMGARTNER
>
>    Attorneys for Defendants
>    CITY AND COUNTY OF SAN FRANCISCO et al.